UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH METZGER,

    Plaintiff,

v.                                    Case No:  2:14-cv-363-FtM-38DNF

CITY OF NAPLES,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Elizabeth Metzger's Motion to Strike Affirmative Defenses (Doc. #16) filed on September 9, 2014. Defendant City of Naples, Police and Emergency Services Department filed a response in opposition on September 23, 2014. (Doc. #19). This matter is now ripe for review.

## Background

Plaintiff Elizabeth Metzger ("Metzger"), a female, worked as a police officer for Defendant City of Naples, Police and Emergency Services Department ("City of Naples"). (Doc. #1, at ¶1). The complaint alleges Metzger repeatedly informed her superior officers of practices that she believed discriminated against female police officers while working for City of Naples. (Doc. #1, at ¶1). Metzger alleges she made complaints internally to City of Naples and externally to the Equal Employment Opportunity Commission, and in

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

response to her complaints City of Naples retaliated against her. (Doc. #1, at ¶1). The alleged retaliation from City of Naples occurred in several forms: (a) continuing Metzger on paid administrative leave; (b) prohibiting Metzger from touching City of Naples property until after she passed a mental fitness-for-duty exam; (c) failing to provide Metzger with a readily available light duty assignment after she returned to work from a work-related injury; (d) placing her on administrative leave pending the outcome of a second mental fitness-for-duty exam, (e) refusing to approve medical treatment for her injury; and (f) discharging her employment. (Doc. #1, at ¶1).

According to the complaint, Metzger received a Notice of Right to Sue from the U.S. Department of Justice on or about April 1, 2014. (Doc. #1, at ¶9). Thereafter, on July 1, 2014, Metzger initiated this action against City of Naples. (Doc. #1). There are three counts in the complaint brought pursuant to Title VII of the Civil Rights Act: sex discrimination (Count I); retaliatory hostile working environment (Count II); and retaliatory discharge (Count III). (Doc. #1). In response to the complaint, City of Naples filed an answer and affirmative defenses. (Doc. #6). And now, Metzger moves to strike some of City of Naples' affirmative defenses. (Doc. #16).

**Standard**

A party is required to assert its affirmative defenses to any claim in its responsive pleading. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (citing Fed. R. Civ. P. 12). The opposing party may then move to strike improper affirmative defenses. See Fed. R. Civ. P. 12. Albeit, affirmative defenses are not stricken when the defense presents a bona fide issue. Royal Palm Sav. Ass'n, 716 F. Supp. at 1420 (citing A.M. Kiddler & Co. v. Turner, 106 So.2d 905, 906 (Fla. 1958)); see also Fifth

Third Bank v. Alaedin & Majdi Invs., Inc., No. 8:11-CV-2206-T-17TBM, 2012 WL 1137104, at *3 (M.D. Fla. Apr. 4, 2012) (explaining a motion to strike an affirmative defense is usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties) (quoting Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000) (quoting Seibel v. Soc'y Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997))). In addition, when a court reviews a motion to strike an affirmative defense, it must accept the truthfulness of the well-pleaded facts and it cannot consider matters beyond the pleadings. Fifth Third Bank, 2012 WL 1137104 at *3 (quoting Thompson v. Kindred Nursing Cts. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citing Carlson Corp./Se. v. Sch. Bd. of Seminole County Fla., 778 F. Supp. 518 (M.D. Fla. 1991))).

## Discussion

City of Naples has several affirmative defenses set out in separate paragraphs. (See Doc. #6, at ¶¶31-45). Each affirmative defense is numbered and reviewed below:

    i.    <u>First Affirmative Defense</u>

City of Naples' first affirmative defense is the "[c]omplaint fails to state a claim upon which relief may be granted." (Doc. #1, at ¶31). Metzger argues this affirmative defense should be stricken because City of Naples chose not to file a motion to dismiss and therefore should not be able to preserve such a defense. Metzger relies on Muschong I, an order written by the undersigned that held a similar affirmative defense was due to be stricken. See Muschong v. Millennium Physician Group, LLC, No. 2:13-cv-705-FtM-38CM, 2014 WL 1268574, at *2 (M.D. Fla. Mar. 27, 2014) (citing Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *2 (S.D. Fla. Mar. 31, 2008)).

In response, City of Naples asserts this first affirmative defense is sufficient when taken into account with the additional allegations set forth in its responsive pleading.

Upon consideration, the Court finds this affirmative defense generically recites the standard for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Thus, this affirmative defense is due to be stricken, but City of Naples will have limited leave to re-plead with greater specificity. See Falzarano, 2008 WL 899257, at *2 (striking a similar affirmative defense but granting leave to re-plead with greater specificity).

ii.   Second Affirmative Defense

City of Naples' second affirmative defense is "Plaintiff may have failed to comply with conditions precedent to filing this action, such as filing this action within 90 days of receipt of the Right to Sue Letter." (Doc. #6, at ¶32). Metzger argues this affirmative defense should be stricken because she is "left to guess whether City of Naples is or is not asserting that plaintiff failed to comply with conditions precedent." (Doc. #16). Metzger relies on a case called Torres. See Torres v. TPUSA, Inc., No. 2:08-cv-618-FtM-29DNF, 2009 WL 764466, at *3-4 (M.D. Fla. Mar. 19, 2009). In Torres, one of defendant's affirmative defenses was, "Plaintiff has failed to satisfy all conditions precedent in order to bring his claim." See No. 2:08-cv-618-FtM-29DNF, docket entry #7. In review of the plaintiff's motion to strike affirmative defenses, the Court stated, "compliance with conditions precedent may be alleged generally, but denying such compliance must be done with particularity." Id. at *1 (citing Fed. R. Civ. P. 9(c)). The Court in Torres granted the motion to strike the affirmative defense, since the affirmative defense was not asserted with particularity.

4

In response, City of Naples asserts since it is not privy to the actual Notice of Right to Sue prior to discovery, it is unclear whether Metzger has complied with the conditions precedent to filing this action.[2] Rather than waiving its affirmative defense, City of Naples did the best it could in asserting its second affirmative defense.

Upon consideration, the Court finds the motion to strike the second affirmative defense is due to be denied. Unlike in Torres, here it is clear to the Court, and ought to be clear to Metzger, that City of Naples takes issue with whether the complaint was filed within 90 days from Metzger's receipt of a Notice of the Right to Sue. After all, according to the language in the complaint, the complaint was filed after the 90-day deadline expired. The affirmative defense stands and the motion is due to be denied with regard to this issue.

iii.   Third Affirmative Defense

City of Naples' third affirmative defense is Metzger's claim may be barred by the applicable statute of limitations. (Doc. #6, at ¶33). Metzger argues this defense is too speculative. Metzger relies on a case called Wiebe. See Wiebe v. Zakheim & Lavrar, P.A., No. 6:12-cv-1200, 2012 WL 5382181 (M.D. Fla. Nov. 1, 2012).[3] One of the affirmative defenses in Wiebe was, "Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, to the extent any of the alleged communications or violations

---

[2] The Court recognizes after City of Naples filed its response to the underlying motion, Metzger filed the Notice of Right to Sue on the docket. (See Doc. #20). For purposes of this motion, the Court is not addressing the issues in light of the docketed Notice due to the motion to strike standard. See Microsoft Corp. v. Jess's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. June 17, 2005) (explaining when Courts evaluate a motion to strike they only look at the pleadings).

[3] Metzger also cites to a case called Topline Solutions. See Topline Solutions, Inc. v. Sandler Sys., Inc., Civ. No. L-09-3102, 2010 WL 2998836, at *2 (D. Md. July 27, 2010). The Court will not address this case substantially because it is not published, it is from a district court in a wholly different circuit, and there are several cases within the Eleventh Circuit that are relevant to the issues within this motion. Thus, the Court finds this Maryland district case is not controlling or even persuasive for the Florida district courts.

occurred outside the applicable limitations period." Id. at *1. The Court in Wiebe struck this affirmative defense because it was vague and did not provide fair notice. Id. at *3.

In response, City of Naples states it did not want to waive this affirmative defense and without discovery it is unclear to City of Naples whether the statute of limitations bars some of Metzger's claims. City of Naples relies on Muschong II to support its response. See Muschong v. Millennium Physician Group, LLC, No. 2:13-cv-705-FtM-38CM, 2014 WL 3341142 (M.D. Fla. July 8, 2014). In Muschong II, defendant presented an affirmative defense that, "some or all of Plaintiffs' claims are barred by the applicable statutes of limitations." Id. at *2. The undersigned found in Muschong II that although the defense was generally stated it was sufficient to withstand the motion to strike. Id. (citing Smith v. Wal-Mart Stores, Inc., No. No. 1:11-cv-226-MP-GRJ, 2012 WL 2377840, at *5 (N.D. Fla. June 25, 2012); Fed. R. Civ. P. 8(c)).

Upon consideration, the Court finds the motion is due to be denied with regard to this affirmative defense. This affirmative defense, although generally stated, is sufficient and should not be stricken at this stage of litigation.

    iv.    <u>Fourth Affirmative Defense</u>

City of Naples' fourth affirmative defense is Metzger's "claims are barred by her failure to avail herself of Defendant's internal procedures and reporting mechanisms." (Doc. #6, at ¶34). Metzger argues this defense is not available pursuant to a case called <u>Faragher</u>. See Faragher v. City of Boca Raton, 524 U.S. 775, 808 (1998).

In response, City of Naples argues this affirmative defense should not be stricken. In essence, City of Naples asserts this affirmative defense should stand because Metzger's argument does not align with the pleadings in the complaint and the facts will

later determine if this affirmative defense should stand. Relying on Muschong II, City of Naples asserts the Court should not resolve a factual dispute at this stage of the litigation. Muschong II, 2014 WL 3341142, at *2 (The undersigned chose not to a strike an affirmative defense based on factual challenges).

Upon consideration, the Court finds the motion is due to be denied with regard to this affirmative defense. At this stage in the litigation, it is unclear how Faragher relates to the underlying action, if at all. The United States Supreme Court held in Faragher, that "an employer is vicariously liable for actionable discrimination caused by a supervisor, but subject to an affirmative defense looking to the reasonableness of the employer's conduct as well as that of a plaintiff victim." Faragher, 524 U.S. at 780. But here the complaint does not present a vicarious liability issue. And more importantly, Faragher does not preclude such affirmative defenses at this stage of litigation.

  v.  <u>Eighth Affirmative Defense</u>

City of Naples' eighth affirmative defense is Metzger failed to mitigate her damages. (Doc. #6, at ¶38). Metzger asserts this affirmative defense should be stricken. Metzger specifically argues City of Naples should plead this affirmative defense with particularity to provide Metzger with fair notice so the discovery process will be narrowly-tailored. Metzger relies on Wiebe to support her argument. Wiebe, 2012 WL 5382181, at *1, 3 (finding the same affirmative defense did not satisfy the mandate of Rule 8).

In response, City of Naples asserts this affirmative defense should not be stricken. City of Naples highlights Metzger is seeking front and back pay rather than reinstatement.

(See, e.g., Doc. #1, at ¶27).[4] City of Naples contends since Metzger has left City of Naples she has not mitigated her damages.

Upon consideration, the Court finds this affirmative defense, as it is written now, is due to be stricken. Id. The specificity that City of Naples has used in the response to the motion is not used in the actual affirmative defense. The Court, however, will grant City of Naples limited leave to amend its affirmative defense and thus plead with greater specificity.

    vi.    Ninth Affirmative Defense

City of Naples' ninth affirmative defense is,

> Defendant acted in good faith in administering its Master Officer program and promotion process and had reasonable grounds to believe that its conduct did not violate any law and, in fact, Defendant's conduct did not violate any law as evidenced by the number of female officers who attained the Master Officer designation and rank of sergeant.

(Doc. #6, at ¶39). Metzger argues this is not a viable affirmative defense because this case involves a tangible job detriment. Metzger relies on Faragher to support her argument. Faragher, 524 U.S. 775. Whereas, City of Naples contends this affirmative defense should not be stricken and the Faragher case is not on point.

The Court does not find Metzger's argument or the Faragher case to be availing at this stage of litigation. Accordingly, the motion is due to be denied with regard to this affirmative defense.

    vii.    Twelfth Affirmative Defense

City of Naples' twelfth affirmative defense is, "Defendant is entitled to a setoff for any compensation and/or benefits payable to Plaintiff." (Doc. #6, at ¶42). Metzger argues

---

[4] City of Naples makes factual arguments that go beyond the complaint and responsive pleading. The Court has omitted such arguments from this order pursuant to the motion to strike standard. See supra n. 2.

8

City of Naples should plead this affirmative defense with more particularity to provide Metzger with fair notice so later the discovery process is narrowly-tailored. Metzger relies on Wiebe to support her argument. Wiebe, 2012 WL 5382181, at *1, 3 (finding an affirmative defense that stated, "Plaintiff's claims are barred by the doctrine of setoff" did not satisfy the mandate of Rule 8).

In response, City of Naples asserts this affirmative defense should not be stricken. City of Naples asserts there is a possibility that discovery will reveal it is entitled to a setoff of the amount it has already paid Metzger in salary.

Upon consideration, the Court finds this affirmative defense is sufficient. It is plead with adequate specificity to put Metzger on notice and proceed with this litigation. Moreover, the affirmative defense is different than the affirmative defense analyzed in Wiebe; the difference is enough to proceed with this litigation. See generally id.

viii.   Fifteenth Affirmative Defense

City of Naples' fifteenth affirmative defense is, "Defendant reserves the right to raise any and all additional affirmative defenses not now known but which may arise as discovery brings more facts to light." (Doc. #6, at ¶45). Metzger asserts the Middle District of Florida has "a strong distaste" for such affirmative defenses. Metzger relies on Wiebe and S.E.C. v. BIH Corporation to support her argument. Id. at *1, 3 (finding an affirmative defense that, "Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time," to be an unnecessary reservation of right.); S.E.C. v. BIH Corp., No. 2:10-cv-577-FtN-29DNF, 2013 WL 1212769, at *7 (M.D. Fla. Mar. 25, 2013) (striking a defendants affirmative defense that stated, "[Defendant] reserves the

right to raise additional defenses that are not presently known to him as a result of the lack of discovery materials provided to him.").

In response, City of Naples also asserts the paragraph should not be stricken because it does not prejudice either of the parties. City of Naples relies on Muschong II to support its argument. Muschong II, 2014 WL 3341142, at *1.

Upon consideration, the Court finds the two unpublished opinions cited by Metzger, Wiebe and BIH Corporation, do not demonstrate that the Middle District of Florida has "a strong distaste" toward such reservation affirmative defenses. The Court, however, recognizes that reservation language is not a true affirmative defense. Upon review of the organization of City of Naples' answer and affirmative defenses perhaps this paragraph was never intended to be reviewed as an affirmative defense. The Court realizes such reservation language is unnecessary but the Court finds such language does not prejudice either party. For the purposes of this underlying motion, the Court will not strike the paragraph. Besides, if City of Naples discovers information warranting an amendment of its affirmative defenses, then it may move for leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Wiebe, 2012 WL 5382181, at *3.

> ix.  <u>Fifth, Sixth, Seventh, Tenth, Eleventh, Thirteenth, and Fourteenth Affirmative Defenses</u>

Metzger has not provided specific reasons as to why City of Naples' fifth sixth, seventh, tenth, eleventh, thirteenth, and fourteenth affirmative defenses should be stricken. (Doc. #6, at ¶¶35, 36, 37, 40, 41, 43, 44). Accordingly, the Court will not strike these affirmative defenses.

## Conclusion

In conclusion, the Court holds the first and eighth affirmative defenses are due to be stricken. (See Doc. #6, at ¶¶31, 38). The Court, however, will grant City of Naples limited leave to amend these two affirmative defenses.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Elizabeth Metzger's Motion to Strike Affirmative Defenses (Doc. #16) is **GRANTED in part** and **DENIED in part**:

   a. The motion is **granted** with respect to the first and eighth affirmative defenses (Doc. #6, at ¶¶31, 38). These affirmative defenses are **STRICKEN**.

   b. The motion is **denied** in all other respects and thus all other affirmative defenses remain.

2. Defendant City of Naples has limited leave to file an amended answer and affirmative defenses no later than **October 22, 2014**, to allege its first and eighth affirmative defenses with greater specificity pursuant to Rule 8 of the Federal Rules of Civil Procedure.

3. The Parties are directed to use proper Bluebook citations in their motions and responses going forward.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record